Alpha Tippens v.. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-102-CR

     ALPHA TIPPENS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 97-199-CR
                                                                                                                

O P I N I O N
                                                                                                                

      Alpha Tippens was indicted for delivery of a controlled substance under one gram. A jury
found him guilty of the charged crime and found the enhancement provisions of the indictment to
be true. Tippens was sentenced to 10 years’ imprisonment and a $10,000 fine. He appeals,
asserting that the court abused its discretion in finding no Batson


 violation by the State’s use of
its peremptory strikes. We will affirm the judgment.
      Tippens’ issues complain that the State prejudiciously used its peremptory strikes to eliminate
the only two black members of the jury panel. He urges that the State engaged in systematic
exclusion of the black veniremembers and failed to give race-neutral reasons for striking them. 
See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). 
      The Equal Protection Clause of the United States Constitution prohibits racial discrimination
in the use of peremptory challenges. Id. at 96, 106 S.Ct. at 1723. To successfully challenge the
use of a peremptory strike on the basis of race, a defendant must make a prima facie showing that
the strike was used solely because of the juror’s race. Id. at 97, 106 S.Ct. at 1723; Tennard v.
State, 802 S.W.2d 678, 680 (Tex. Crim. App. 1990). The burden then shifts to the State to come
forward with a racially-neutral explanation for challenging the juror. Chambers v. State, 866
S.W.2d 9, 23 (Tex. Crim. App. 1993); see also Tex. Code Crim. Proc. Ann. art. 35.261(a)
(Vernon 1989). If the State gives a race-neutral explanation for the strike, the burden shifts back
to the defendant to show that the explanation is a sham or pretext. Pondexter v. State, 942 S.W.2d
577, 581 (Tex. Crim. App. 1996); Mayr v. Lott, 943 S.W.2d 553, 556 (Tex. App.—Waco 1997,
no writ). Ultimately, the burden is on the accused to persuade the trial judge that the allegations
of prejudice are true. Earhart v. State, 823 S.W.2d 607, 624 (Tex. Crim. App. 1991); Thompkins
v. State, 774 S.W.2d 195, 202 (Tex. Crim. App. 1987), aff'd per curiam, 490 U.S. 754 (1989). 
      On appeal, a trial court's ruling on a Batson objection will not be reversed unless clearly
erroneous. See Stiles v. State, 927 S.W.2d 723, 727 (Tex. App.—Waco 1996, no pet.); see also
Mayr, 943 S.W.2d at 556. Using this standard, we will review the reasons given for striking each
of the black venire members.
ELAWRENCE GABRIEL
      The State explained during the Batson hearing that a strike was used against Gabriel because
Gabriel’s son had been tried for a criminal offense by the prosecutor, who refused Gabriel’s
request that he not seek jail time for his son. The State argued that Gabriel might hold that
incident against the State. The State further urged that the strike was proper because Gabriel was
acquainted with Tippens and Tippens’ mother. These are both race-neutral reasons for striking
Gabriel from the jury panel. See, e.g., Harris v. State, 827 S.W.2d 949, 955 (Tex. Crim. App.
1992); DeBlanc v. State, 799 S.W.2d 701, 711-13 (Tex. Crim. App. 1990); Stiles, 927 S.W.2d
at 727; Thornton v. State, 925 S.W.2d 7, 11 (Tex. App.—Tyler 1994, pet. ref'd) (striking a
prospective juror because he is acquainted with the defendant or the defendant’s family is a
race-neutral reason). 
DAVIE DANIELS
      The State’s reasons for striking Daniels included his employment as a truck driver and the fact
that he had lived in the county for only eighteen months, a fact that the State urged showed
“insufficient community ties.” The prosecutor asserted that his past personal experiences with
truck drivers as jurors in drug-related trials was unsatisfactory.


 These are likewise race- neutral
reasons for striking a potential juror. See Thompkins, 774 S.W.2d at 205; Newsome v. State, 829
S.W.2d 260, 265 (Tex. App.—Dallas 1992, no pet.).
      Because the State gave race-neutral reasons for striking the challenged venire members, the
burden shifted back to Tippens to establish that the explanations were merely a sham or pretext
for discrimination. Pondexter, 942 S.W.2d at 581. Tippens failed to meet this burden.


 In
response to the State’s reasons for striking the potential jurors, Tippens merely complained that
the State failed to “go in-depth into any of those matters in direct response to questions” and that
he did not believe that the reasons given by the State could be “closely adjusted or scrutinized.”
      After viewing the evidence from the Batson hearing in the light most favorable to the trial
court's ruling, we conclude that the court's decision to overrule Tippens’ Batson objection was
not clearly erroneous. See Stiles, 927 S.W.2d at 727. Despite Tippens’ assertion that race was
the only basis for the strikes, we believe the prosecutor's race-neutral explanations support the trial
court's ruling. Issues one and two are overruled.
      We will affirm the judgment.


 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed March 24, 1999
Do not publish